IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATK THIOKOL, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 99-440C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

In accordance with the Court's opinion entered on November 30, 2005, the Court hereby enters declaratory judgment that:

1. ATK Thiokol's allocation of its Independent Research and Development costs associated with the upgrade of its Castor IVA-XL Solid Rocket Motor as an indirect cost pursuant to Federal Acquisition Regulation ("FAR") 31.205-18(c) and Cost Accounting Standard ("CAS") 402 was proper.
2. ATK Thiokol's allocation of its Production Equipment expenditures related to the acquisition of tangible assets necessary to produce the Castor IVA-XL Solid Rocket Motor as an indirect cost pursuant to FAR 31.205-11 and CAS 409 was proper.

Entered this ___ day of April, 2007

________________________
Hon. Susan G. Braden

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATK THIOKOL, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 99-440C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION IN SUPPORT OF DEFENDANT'S PROPOSED ORDER**

The only issue remaining in this case is the form that the Court's final judgment should take. For the reasons stated in our opposition memorandum, at oral argument, and in this motion, the Court should enter declaratory judgment based upon its November 30, 2005 opinion. We therefore move for the entry of the Government's proposed declaratory judgment. This approach represents the only means of resolution in this case that would accurately reflect the effect of the allocations permitted by the Court's November 30, 2005 opinion, is within this Court's jurisdiction, is consistent with the FAR and would provide for the orderly settlement of final payments pursuant to the relevant contracts. It also would allow this litigation to move on to its appellate phase immediately.

If the Court were to take this approach, it could enter judgment immediately, without a hearing on damages. Based upon the Court's declaratory judgment with respect to a single contract, ATK would be permitted to make the requested allocation to its G&A pool in its entirety (i.e., with respect to all of its contracts). ATK then would submit completion invoices or vouchers for its indirect costs to the Government, pursuant to the method provided in its contracts for the payment of indirect costs. Any disagreements concerning the appropriate

amount of the allocation would be resolved according to the contracts' disputes clause and the procedures proscribed in the FAR. This approach reflects the relief that ATK sought during the first seven years of this litigation and, importantly, would ensure that ATK receives the full benefit of the Court's November 30, 2005 opinion.

At oral argument, ATK suggested for the first time that the Court could grant monetary relief but avoid a trial on damages by entering judgment for damages based upon the correspondence sent by defendant's prior counsel, Kyle Chadwick, to ATK following the Court's November 2005 opinion. Exhibit 1. This Court may not, however, render judgment for monetary relief in this matter without conducting further proceedings,[1] and ATK has recognized as much. In its reply, ATK stated that "The Court should reject [the Government's proposed trial schedule] and set a trial date as soon as the Court's calendar permits." See Pl. Reply at 2, fn. 2. In addition, ATK argued that the issues raised by the Government with respect to FAR compliance can be resolved during "the quantum phase" of this litigation. Id. at 16. Thus, ATK recognized that it cannot be awarded damages in this case without further proceedings, but changed its position only after the Court expressed at oral argument its concern about the Court's ability to conduct such proceedings and a desire to bring this litigation to a close. Until it became absolutely necessary, even ATK did not suggest that this Court could conclude this litigation solely in reliance upon Mr. Chadwick's correspondence.

The correspondence upon which ATK relies is not admissible as evidence in this case and is not sufficient to support the judgment ATK seeks. The Court should not, therefore, enter judgment for monetary relief based upon that correspondence.

---

[1] As explained in our brief and at oral argument, the Court does not possess jurisdiction to conduct the necessary proceedings, and must therefore render declaratory judgment.

To be absolutely clear, the Government does not stipulate to a damages amount in this case, and the parties have never stipulated to a damages amount. Mr. Chadwick's letter of April 19, 2006 proposed only to stipulate to damages of $5,163,401, an amount considerably less than the amount ATK claimed at the time. By the express language of the letter, the attached table was provided for "informational purposes" only and was not intended as part of the proposed compromise on the issue of damages. Notably, ATK has failed to produce any correspondence or other evidence indicating its assent to any of the figures proposed by Mr. Chadwick. Indeed, the lack of agreement with respect to damages is evident from ATK's proposal of stipulated damages following the Court's July 2006 opinion, which contains different damages figures, including different principal figures, from the ones cited in Mr. Chadwick's correspondence. Compare Exhibit 1 and Exhibit 2.

Moreover, in its other filings in this case, ATK has alleged that the agreement as to damages was reached in September 2006. Plaintiff's Opposition To Defendant's Motion For Enlargement Of Time And Motion For Stay ("Pl. Opp. to Enlarg."), filed November 2, 2006, Exhibit 3 at 3; 5, fn. 4. Defendant's counsel assumed his role as lead counsel in this case on July 24, 2006, and Mr. Chadwick had no further involvement in the case after that date, except occasionally to provide counsel and background information to the newly assigned defendant's counsel. Exhibit 4 ¶ ¶ 1-2. The fact that ATK would allege that an agreement on damages took place in September 2006, therefore, is significant for two reasons. First, it demonstrates that ATK did not believe on November 2, 2006, when it filed its motion, that it had reached agreement with the Government with respect to damages based upon its correspondence with Mr. Chadwick. Second, it points out the cavalier manner in which ATK has alleged the existence of an agreement with respect to damages in this case. There was no agreement reached

in September 2006. Exhibit 4 ¶ ¶ 5-6. In fact, this assertion is flatly contradicted by the status report we filed with this Court on September 15, 2005 stating, "The Government and ATK Thiokol ("ATK") are unable to stipulate to an amount owed by the Government to ATK because, in the Government's view, ATK is entitled only to declaratory relief in this case, and not a monetary judgment." Rather, Mr. Massiello sent a proposed stipulation with respect to damages which was rejected by the Government. Exhibit 2; Exhibit 4 ¶ 5. ATK has produced no correspondence or other evidence establishing such an agreement. Despite the Government's rejection of the proposed stipulation and the absence of any other basis, ATK has repeatedly alleged that the Government and ATK reached an agreement with respect to damages.

In addition, Mr. Chadwick's letters do not provide the basis for the entry of a monetary judgment in this matter. Those letters represent attempts to reach a compromise upon the issue of damages and are not, therefore, admissible evidence pursuant to Rule 408 of the Federal Rules of Evidence ("FRE"). ATK has acknowledged that, at the time Mr. Chadwick sent his letters, there was an effort underway to reach a compromise on the issue of damages. In an earlier filing in this case, ATK stated that "ATK and its government counterparts participated in over six months of negotiations and, in September 2006, eventually agreed to the amount of damages due ATK under the pertinent contracts as a result of this Court's Memorandum Opinion and Order dated November 30, 2005." Pl. Opp. to Enlarg., 5; see also id. at 3 (referring to "the parties' negotiation for six months, and agreement as of September 2006, on the amount of damages due to ATK under the pertinent contracts"). Mr. Chadwick's correspondence was part of that effort to reach a compromise.

Moreover, any damages figure agreed upon necessarily would have been the product of negotiation and compromise. As was addressed at length during oral argument, there is no fixed,

determinable "amount of damages" that would flow from ATK's being permitted to take the allocation to its G&A pool in this case. The amount to be paid out under the contracts as the result of such an allocation can only be determined after the resolution of certain issues by the contracting officer and negotiations between the parties pursuant to the Federal Acquisition Regulations ("FAR"). The attempt to arrive at an "agreed" damages amount in the wake of the Court's November 2005 opinion, then, necessarily required the conduct of negotiations called for by the FAR and negotiations with respect to the manner in which the contracting officer's discretion would be exercised. Thus, Mr. Chadwick's letter represents more than a mere stipulation with respect to a fixed, determinable fact; it represents an effort to compromise the myriad of issues that must be resolved in order to determine the payment to ATK that would result from its being permitted to take the allocation it sought in this litigation. The letters would not, therefore, be admissible as evidence of damages should a trial upon that issue become necessary pursuant to FRE 408 or for the purposes of the summary judgment with respect to damages ATK seeks now. ATK's suggestion, then, would have this Court enter a judgment with respect to more than $9 million in damages without any admissible evidence on the extent of its damages.

Even if the Court were to admit Mr. Chadwick's correspondence as evidence, it would not represent conclusive evidence of the measure of damages. In other words, if the correspondence is admissible at all, it must be weighed against other evidence regarding the amount of damages. Proof of the quantum of damages rests solely on the plaintiff. Northrop Grumman v. United States, 47 Fed. Cl. 20, 92 (2000). In order for ATK to prove its damages, it cannot simply rely upon the Government's proposal. As explained above, Mr. Chadwick's correspondence is an attempt to compromise on the issue of damages, and does not reflect an

actual amount of damages. Its evidentiary value, therefore, is slight. In order for ATK to prove its damages, then, it must present additional evidence as to the amount of damages. Moreover, the government must be given the opportunity to present evidence of damages as well, and a trial, or at the very least, additional briefing, on the issue of damages would be necessary.[2]

Finally, ATK's claim for monetary relief is dependent upon whether it can carry its burden of proof to establish a breach of each of its more than 100 contracts. ATK has not, however, undertaken to present <u>any evidence</u> with respect to breach. The record in this case does not identify the contracts or the provisions in those contracts that ATK claims have been breeched. It does not specify the particular actions by the Government that it alleges constitute a breach for any, much less all, of its contracts. ATK's complaint bases its breach claims upon its allegation that the "government was obligated to pay or reimburse Thiokol … under the payment terms in each and every affected contract." Proposed Second Amended Complaint ¶ ¶ 71, 87. It fails to identify these "payment terms," however. As a general matter, payment pursuant to ATK's contracts requires the submission of an invoice for payment, but ATK has not alleged, much less proved, that it has submitted any such invoices. Moreover, if the Court permits ATK to amend its complaint to include these breach claims, the Government must be afforded the opportunity to answer those allegations and conduct discovery upon the issues of breach or damages. To date, there has been no such discovery, and summary judgment with respect to breach and damages at this stage would be inappropriate. We therefore respectfully request that, if the Court is contemplating granting ATK summary judgment with respect to breach and/or

---

[2] For the reasons stated in our opposition memorandum and at oral argument, however, the Court lacks the jurisdiction to conduct such a trial. The Court therefore lacks jurisdiction to enter a monetary judgment in this case, and may only enter the declaratory relief sought by ATK during the seven years this case has been litigated.

damages in this case, that the Government be granted the opportunity to conduct discovery on these issues pursuant to RCFC 56(f). See Exhibit 4 ¶ 7.

Thus, the Court has been presented with two options. The option proposed by the Government, that the Court enter immediate declaratory judgment, is fully in accord with the Court's November 30, 2005 opinion, would afford ATK the full measure of relief flowing from that decision, would permit immediate and focused appellate review and, most importantly, is in accordance with the law. ATK's proposal, on the other hand, is premised upon a cascade of dubious legal propositions: (1) that the Court has jurisdiction with respect to all of ATK's contracts, (2) that ATK may amend its complaint after a seven year delay without any justification, (3) that the Government may be denied an opportunity to answer the amended complaint, (4) that the Government may be denied the opportunity to conduct discovery with respect to ATK's new claims for breach and damages, (5) that the Court may enter a finding of breach of ATK's 100 plus contracts without any evidence of such a breach, (6) that the compromise correspondence from Mr. Chadwick is admissible into evidence, (7) that that correspondence is evidence of the actual amount of damages and (8) that the correspondence is sufficient by itself to prove damages. ATK's motion cannot survive the failure of any of these propositions. The Government's proposed declaratory judgment order is on solid legal footing, would allow ATK to obtain the full measure of the relief to which it is entitled and would appropriately posture the case for immediate appellate consideration. We therefore respectfully request that this Court adopt our proposed order and enter the appropriate declaratory judgment in this matter.

Respectfully submitted,

PETER D. KEISLER

Assistant attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

Attorneys for Defendant

OF COUNSEL:

Douglas Jacobson
Defense Contract Management Agency
B.H. Whipple Federal Building
Suite 1150
1 Federal Drive
Ft. Snelling, MN 55111-4007
Tel: (612) 605-4105

Paul Mitchell
Defense Contract Audit Agency
Suite 2135
8725 John J. Kingman Road
Ft. Belvior, VA 22060
Tel: (703) 767-3045

April 19, 2007

CERTIFICATE OF FILING

I hereby certify that on this 19th day of April 2007, a copy of the foregoing "DEFENDANT'S MOTION FOR JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler