PL. Motion for Confirmation of Order
Tab 1

U.S. Department of Justice

Civil Division

PDK:DMC:KChadwick
DJ No. 154-99-440

Telephone: (202) 305-7562
Facsimile: (202) 305-7644

*Washington, D.C. 20530*

April 19, 2006

BY E-MAIL ATTACHMENT (PDF) AND U.S. MAIL

Thomas A. Lemmer
McKenna, Long & Aldridge, LLP
1875 Lawrence St., Suite 200
Denver CO 80202

Re: Alliant Techsystems (Thiokol) v. United States,
Fed. Cl. No. 99-440C

Dear Mr. Lemmer:

As summarized in the attached table, the Government has determined that ATK Thiokol's damages under the court's order of November 30, 2005 are $5,163,401, which, after adding interest under 41 U.S.C. § 609 through last week, comes to $6,729,680. Apart from minor corrections that I understand have been agreed to by Thiokol and the Defense Contract Audit Agency, the difference between the Government's figure and the number previously proposed by Thiokol is entirely explained by the fact that our calculation is based on Contract No. NAS8-38100. That contract, as Thiokol noted in paragraphs 5-7 of the complaint, is the only contract that is the subject of Thiokol's certified claim dated May 10, 1999 and the contracting officer's final decision dated May 14, 1999. The Court of Federal Claims currently lacks jurisdiction to award damages under the other contracts upon which Thiokol based its quantum calculation.

For informational purposes, the attached table also provides the total amount, to date, that would be payable to Thiokol, under all of its major contracts, assuming a judgment against the Government concerning the IR&D accounting issue becomes final and unappealable. Please notify me at your convenience whether Thiokol will stipulate to damages of $5,163,401 plus interest, in order to facilitate entry of a final judgment by the trial court, or if questions arise.

Very truly yours,

KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch

encl

Exhibit 1

T-288 P.03/05 Job-316

# CASTOR IVA-XL DAMAGES AND INTEREST CALCULATIONS

## DCAA Verification of Contractor's Computations and Extrapolation of NAS8-38100 Amounts

| | 1998 | 1998T | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Damages** | | | | | | | | | | | |
| CASTOR IVA-XL Damages * | 1,340,283 | 1,562,652 | 1,645,580 | 479,754 | 214,143 | 523,570 | 439,428 | 356,684 | 306,719 | 210,000 | 7,078,813 |
| NAS8-38100 Damages ** | 1,032,536 | 1,241,647 | 1,272,969 | 388,783 | 179,131 | 433,431 | 341,361 | 273,543 | - | - | 5,163,401 |
| **Interest** | | | | | | | | | | | |
| CASTOR IVA-XL Interest * | - | - | 134,456 | 335,187 | 109,212 | 295,851 | 303,026 | 231,411 | 289,604 | 320,360 | 2,019,106 |
| NAS8-38100 Interest ** | - | - | 104,940 | 261,908 | 85,609 | 232,833 | 238,908 | 182,215 | 222,672 | 237,194 | 1,566,279 |
| **Total** | | | | | | | | | | | |
| CASTOR IVA-XL Total * | 1,340,283 | 1,562,652 | 1,780,036 | 814,941 | 323,355 | 819,421 | 742,454 | 588,095 | 596,323 | 530,360 | 9,097,919 |
| NAS8-38100 Total ** | 1,032,536 | 1,241,647 | 1,377,909 | 650,691 | 264,740 | 666,264 | 580,269 | 455,758 | 222,672 | 237,194 | 6,729,680 |

* Amounts agree with the contractor's revised worksheets and include all contracts including the NAS8-38100 contract.

** Amounts extrapolated from the contractor's revised worksheets for the projects identified with the NAS8-38100 contract.

Prepared by: Mark Saunders, DCAA Auditor

Date: 4/17/2005

Pl. App. 002

3036344400

APR-11-07 19:37 From:MCKENNA LONG ALDRIDGE

PL. Motion for Confirmation of Order
Tab 3

U.S. Department of Justice

Civil Division

PDK:DMC:KChadwick
DJ No. 154-99-440

Telephone: (202) 305-7562
Facsimile: (202) 305-7644

*Washington, D.C. 20530*

May 8, 2006

BY E-MAIL ATTACHMENT (PDF) AND U.S. MAIL

Thomas A. Lemmer
McKenna, Long & Aldridge, LLP
1875 Lawrence St., Suite 200
Denver CO 80202

Re: Alliant Techsystems (Thiokol) v. United States, Fed. Cl. No. 99-440C

Dear Mr. Lemmer:

This responds to your letter dated May 5, 2006. The Government agrees that this is a "test case" and that, once a judgment becomes final and unappealable, the outcome will affect Thiokol's recovery of costs under several Government contracts. Accordingly, assuming the Government appeals, the parties will be in the same position before the Federal Circuit as were the parties in Rice v. Martin Marietta Corp., 13 F.3d 1563 (Fed. Cir. 1994), which you cite.

However, the Court of Federal Claims can render a money judgment only to the extent that it possesses jurisdiction. There is only one contract, No. NAS8-38100, for which Thiokol has certified, in compliance with the Contract Disputes Act, that "the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable . . . ." The parties' use of the terms "test contract" and "representative contract" in correspondence does not change that fact. Nor can the parties establish jurisdiction by agreement where it does not exist. You cite no case, and we know of none, in which a contractor's certification under one contract has been found to establish CDA jurisdiction under another contract. Neither the trial court's recent Lockeed Martin decision nor the board's 1983 decision in Brunswick is apposite. Each of those cases involved a challenge to a Government claim, which the contractor was not required to certify. See General Dynamics Corp. Elec. Boat Div., ASBCA No. 25919, 82-1 BCA ¶ 15,616 (also noting that, "[a]lthough the Government might have been able to withhold and issue a DCAA Form 1 under . . . thirty-eight contracts . . .[,] [a]n appeal under Contract No. 2453 is the only appeal before the Board . . .").

I gather from your May 5 letter that the parties agree in principle as to what the correct damages amounts would be, calculated either under the single contract identified in the claim, or under all of the contracts. The jurisdictional disagreement between us is not complicated and can be briefed in short order for resolution by the court. Therefore, we should simply advise the

court of the alternative dollar amounts and explain the legal issue that remains to be decided. We need not wait until May 22 to do so.

The Government's position here has nothing to do with the number of claims that Thiokol should certify and file, or with the efficiency of this litigation, as you assert. I disagree, of course, that it is "inevitable" that the Federal Circuit will affirm the judgment, should the Government appeal. In any event, we are now addressing only the narrow question of the amount that the Court of Federal Claims can award at this time. The final resolution of this case will constitute, in effect, a declaratory judgment controlling the treatment of all of Thiokol's Castor IV-A development costs under any of its contracts, regardless of the dollar amount of the trial court's judgment.

Very truly yours,

/s/

KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch

**Chandler, Robert (CIV)**

**From:** smasiello@mckennalong.com
**Sent:** Wednesday, August 09, 2006 6:16 PM
**To:** Chandler, Robert (CIV)
**Cc:** sgustus@mckennalong.com; tlemmer@mckennalong.com
**Subject:** ATK Thiokol v. U.S., COFC 99-440C

**Attachments:** DN-#32117449-v1-stipulation_on_amount_owed.DOC

DN-#3211744
'1-stipulation_o

Robert:

As discussed today, please find the attached proposed stipulation on the amount owed in the subject case for your review. Please contact me at your earliest convenience concerning this matter.

Steve.

---

Steven M. Masiello
McKenna Long & Aldridge LLP
1875 Lawrence Street, Ste. 200
Denver, CO 80202
P: (303) 634-4355
F: (303) 634-4400
<http://www.mckennalong.com/>

<<DN-#32117449-v1-stipulation_on_amount_owed.DOC>>

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.



Exhibit 2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ATK THIOKOL, INC.<br>Plaintiff,<br>vs.<br>THE UNITED STATES,<br>Defendant. | Case No. 99-440C<br>(Judge Braden) |

**STIPULATION ON AMOUNT OWED**

Pursuant to the Court's Order dated July 31, 2006, the parties submit this Stipulation on Amount Owed concerning the amount owing to Plaintiff, ATK Thiokol, Inc. ("ATK"), as a result of the Court's Order dated November 30, 2005. For this stipulation, the parties agree that the amount owing to ATK as a result of the Court's Order dated November 30, 2005, is as follows:

| | | |
|---|---|---|
| 1. | Principal owed | $7,090,841 |
| 2. | Interest through September 30, 2006 | $2,208,137 |
| | Total Amount Owed: | $9,298,978 |

The parties attach a worksheet as Exhibit 1 detailing their stipulation of the total amount owing to ATK as of September 30, 2006.

Respectfully submitted this _____ day of August, 2006.

Robert Chandler
Department of Justice
**[correct address?]**
Commercial Litigation Branch
Civil Division
1100 L Street, N.W., Room 7062
Attn: Classification Unit, 8th Floor
Washington, DC 20005
(202) 514-4678
Fax: (202) 514-7300

Thomas A. Lemmer
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, Colorado 80202
(303) 634-4000
Fax: (303) 634-4400

ATTORNEY FOR ATK THIOKOL, INC.

Of Counsel:

Steven M. Masiello
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, Colorado 80202

Michael L. Bell
Alliant Techsystems Inc.
ATK Thiokol Inc.
P.O. Box 98
Magna, UT 84044-0098

## Interest Calculation

| CASTOR ADJ | 1998 | 199T | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Fiscal year-end | 30-Jun | 31-Dec | 31-Dec | 31-Dec | 21-Apr | 31-Mar | 31-Mar | 31-Mar | 31-Mar | 31-Mar | Thru Sept 30 |
| Number of months in the fiscal year | **12** | **6** | **12** | **12** | **4** | **11** | **12** | **12** | **12** | **12** | **6** |
| | **1998** | **199T** | **1999** | **2000** | **2001** | **2002** | **2003** | **2004** | **2005** | **2006** | **2007** |
| **COM Rates** | | | | | | | | | | | |
| **Dec 99 - 1/2 year only** | | | 6.500% | | | | | | | | |
| **Jun-00** | | | | 6.750% | | | | | | | |
| **Dec-00** | | | | 7.250% | | | | | | | |
| **Jun-01** | | | | | 6.375% | | | | | | |
| **Dec-01** | | | | | 5.875% | | | | | | |
| **Jun-02** | | | | | | 5.500% | | | | | |
| **Dec-02** | | | | | | 5.250% | | | | | |
| **Jun-03** | | | | | | | 4.250% | | | | |
| **Dec-03** | | | | | | | 3.125% | | | | |
| **Jun-04** | | | | | | | | 4.000% | | | |
| **Dec-04** | | | | | | | | 4.500% | | | |
| **Jun-05** | | | | | | | | | 4.250% | | |
| **Dec-05** | | | | | | | | | 4.500% | | |
| **Jun-06** | | | | | | | | | | 5.125% | |
| **Dec-06** | | | | | | | | | | 5.750% | |
| **Average COM rate for fiscal year** | | | 6.500% | 7.000% | 6.380% | 5.864% | 5.063% | 3.625% | 4.313% | 4.594% | 5.438% |
| Current year Castor cost disallowed | 1,340,283 | 1,562,652 | 1,645,580 | 479,754 | 214,143 | 523,570 | 439,428 | 356,684 | 306,719 | 111,863 | 110,165 * |
| Cumulative Castor cost disallowed | 1,340,283 | 2,902,935 | 4,548,515 | 5,028,269 | 5,242,412 | 5,765,982 | 6,205,410 | 6,562,094 | 6,868,813 | 6,980,676 | **7,090,841** |
| **Yearly interest** | | | 134,456 | 335,187 | 109,212 | 295,851 | 303,026 | 231,411 | 289,604 | 318,105 | 191,285 * |
| **Cumulative interest** | | | 134,456 | 469,644 | 578,855 | 874,706 | 1,177,732 | 1,409,143 | 1,698,747 | 2,016,852 | **2,208,137** |

ATK filed a certified claim on May 10, 1999.
Updated billing rates were received from the government in June 1999 withholding questioned Castor related costs.
Cash flowed was thus negatively impacted beginning in July 1999 - interest begins accruing in July 1999 on this worksheet.
Interest calculation assumes interest beginning in 1999 is applied to 1/2 of the costs incurred in the current fiscal year plus a full fiscal year of interest for prior year costs.

* 1/2 year

DN:32117449.1

**Exhibit 1**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ATK THIOKOL, INC.<br>Plaintiff,<br>vs.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 99-440c<br>(Judge Braden) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME AND MOTION FOR STAY

Plaintiff ATK Thiokol, Inc. ("ATK") opposes Defendant United States' (the "government") motion filed October 27, 2006, for an enlargement of time to file an opposition to ATK's Motion for Leave to File Second Amended Complaint ("Motion for Leave"). Additionally, ATK opposes the government's motion to the extent the government requests a stay of the Court's Order dated September 26, 2006 (the "9/26/06 Order"), because such a request essentially seeks to halt any progress towards a final judgment in this litigation without any reasonable justification.[1]

---

[1] ATK does not oppose the requested stay to the extent it seeks a stay of the required filing of a pleading "in response to the First Amended Complaint" and, given that the First Amended Complaint is now superseded, ATK suggests that the issue of a stay for such a purpose is moot. ATK also notes that it was not informed by government counsel (Mr. Robert Chandler) of the government's intent to seek a "stay" in these proceedings during conferences between counsel pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"). Thus, the parties did not confer on that issue and this opposition brief is the first opportunity ATK was provided to address such a government request. ATK is hopeful that, in the future, such issues can be addressed more candidly between counsel in accordance with RCFC 6.1 with the goal of eliminating moot issues,

*(footnote continued on next page)*

Exhibit 3

As explained below, no reasonable justification exists for the government's motion beyond the government's desire to delay any proceedings on damages and this Court's final judgment. Indeed, the government's motion inappropriately seeks to avoid the Court's 9/26/06 Order that the government brief any remaining substantive issues it believes precludes ATK's entitlement to damages and submit a proposed schedule with a "path forward" to a final judgment in the event the Court finds in favor of ATK on such damage issues. Accordingly, ATK requests that the Court order that the government file no later than November 16, 2006: (1) its brief on any remaining substantive issues concerning ATK's entitlement to damages; and (2) the proposed schedule for the "path forward" to a final judgment.

ATK believes the government's motion is merely the latest in a series of actions designed to delay any proceedings on damages in this litigation and thus, suspend this Court's final judgment.[2] In this latest action, the government seizes upon ATK's filing of

*(footnote continued from previous page)*

clarifying the parties' respective positions and/or reducing disputed issues before such issues are brought before this Court.

2 Notably, the government's motion incorrectly claims that it is the government's first request for an enlargement relating to this matter. ATK believes it is more candid to acknowledge that the government's motion represents the government's second request for a delay for the purported purpose of permitting the government to brief its alleged substantive issue(s) concerning ATK's entitlement to damages. In fact, the government has already enlarged its time to brief its alleged substantive issue(s) for a considerable period of 30 days, to and including October 27, 2006, with respect to ATK's First Amended Complaint, well beyond the ten day period provided under RCFC 15(a). Defendant's Motion for Enlargement of Time dated September 15, 2006; *see also* Defendant's Status Report dated September 15, 2006.

its Second Amended Complaint as an opportunity to avoid, indefinitely, a damages proceeding through the request of a stay on this Court's request that the government brief its alleged substantive issues on ATK's entitlement to damages, purportedly based upon government allegations that ATK is entitled only to declaratory relief and/or that the Court lacks jurisdiction to award any damages (the "declaratory relief" issue).[3] *See* 9/26/06 Order. Despite the government's objections in its motion, however, ATK's Second Amended Complaint raises absolutely no new substantive issues in this litigation.

First, it is clear that the parties have long-understood that ATK seeks award of damages from, among other things, the parties' negotiation for over six months, and agreement as of September 2006, on the amount of damages due to ATK under the pertinent contracts. In fact, the government has only recently reversed its course, reneging upon the parties' September 2006 agreement on the amount of damages due and opposing ATK's requested award of such damages under the pertinent contracts, in the government's Status Report dated September 15, 2006, and in the statements of government counsel during the recent hearing on September 25, 2006. ATK's original Complaint, First Amended Complaint, the parties' negotiation and agreement on an amount of damages due ATK, as well as the government's recent objection to the award of damages, all occurred <u>before</u> the filing of ATK's Second Amended Complaint. Yet,

3 This government declaratory relief issue was described to ATK and the Court in the government's Status Report dated September 15, 2006, and in a recent hearing held on September 25, 2006. In both instances, the government committed to briefing this issue, promptly, to permit a timely damages proceeding and final judgment.

incredibly, the government announces in its motion that the Second Amended Complaint somehow "[r]epresents a fundamental change in this litigation" with respect to ATK's entitlement to damages under the pertinent contracts.

Second, at the invitation of this Court during the hearing held on September 25, 2006, ATK filed its motion for leave to file its Second Amended Complaint. The Second Amended Complaint merely clarifies that ATK is entitled to recover the amounts the government failed to pay ATK as obligated under the pertinent contracts, an entitlement that ATK has alleged from the beginning and in its First Amended Complaint. Ironically, the clarification provided for in the Second Amended Complaint that the government now protests against in its motion, was provided, in part, for the purpose of addressing government counsel's (Mr. Robert Chandler) statements to this Court in its September 25, 2006 hearing, to the effect that the government was confused by the language used in the First Amended Complaint concerning the nature of the relief ATK requested.

And third, assuming that the complaint clarifications added anything new to ATK's complaint, what was added is no more than legal theory. The addition of a legal basis for recovery is not a new claim. *Cerberonics, Inc. v. United States*, 13 Cl. Ct. 415 (1987) (plaintiff's further explanation of its legal entitlement to relief based upon the same operative facts was not a new claim); *see also Lockheed Martin Corp. v. United States*, 70 Fed. Cl. 745, 755-56 (2006) (summarizing the "same claim" principle that additional evidence and/or legal theories based on the same set of operative facts underlying the claim submitted to the contracting officer are not new claims).

Even if this clarification in the Second Amended Complaint were significant, which it is not, there is no reasonable explanation why the government cannot, promptly, brief this Court on the government's declaratory relief issue and, any other substantive issue(s) the government believes precludes the award of damages, to move this litigation on a path forward, as the Court has ordered. ATK believes that it is reasonable to assume that the government was (or should have been) prepared to file such a substantive brief on its declaratory relief issue in the context of ATK's First Amended Complaint by October 27, 2006, pursuant to the 9/26/06 Order. In conference with government counsel, Mr. Robert Chandler, no cogent explanation was provided as to why this government brief on the substantive issues would be impacted by a clarification of ATK's right of recovery. Moreover, Mr. Chandler did not explain why such a government brief could not be filed promptly upon Mr. Chandler's return from his, then unexplained to ATK, absence from the office in November 2006. ATK observes that the government motion continues to offer no explanation for its inability to comply with the 9/26/06 Order, beyond its generalized objections to the few additional paragraphs in the Second Amended Complaint that describe the legal theory for ATK's long-understood request for the award of damages based upon the government's wrongful denial of payment of ATK's allowable indirect costs under the pertinent contracts.[4]

---

4 Notably, as mentioned above, ATK and its government counterparts participated in over six months of negotiations and, in September 2006, eventually agreed to the amount of damages due ATK under the pertinent contracts as a result of this Court's Memorandum Opinion and Order dated November 30, 2005. Thus, any claim or implication in the government's motion that ATK's clarification in its

*(footnote continued on next page)*

Instead of moving this litigation forward, the government's motion makes clear that it has no intention of submitting any substantive brief, whatsoever, with respect to its declaratory relief issue or any other substantive issue(s) on ATK's entitlement to damages, whether in response to ATK's First Amended Complaint or Second Amended Complaint. The government's motion also makes clear that the government does not intend to file any proposed schedule for a "path forward," as ordered.

Indeed, the government's motion requests a "stay" of the 9/26/06 Order on the mere statement of its intent to oppose ATK's Motion for Leave on unidentified grounds, of likely dubious merit, for the sake of "economy."[5] While it may be temporarily economical to the government to delay its briefing of its alleged substantive issues concerning ATK's entitlement to damages, it is an irresponsible, ineffective and inefficient use of the parties' and this Court's resources to suspend such briefing while the Court addresses other government concerns with the form of ATK's Motion for Leave that the Court has already addressed (*i.e.*, no prejudice).[6]

*(footnote continued from previous page)*

Second Amended Complaint is significant or novel because it purports to seek damages is untenable and should be summarily dismissed.

5 ATK believes any such opposition to ATK's Motion for Leave lacks merit because, among other things, the Court has previously granted ATK leave to amend its Complaint to conform with the relevant claims and contracting officer final decisions in this litigation pursuant to the Court's Memorandum Opinion and Order dated July 31, 2006.

6 Moreover, even if issues of form remained relevant, no reasonable justification exists to bring these entire proceedings to a halt on account of the government's mere intention, separately, to oppose the form of ATK's Motion for Leave, rather

*(footnote continued on next page)*

Accordingly, to avoid undue delay and to permit progress towards a damages proceeding and final judgment, ATK requests that this Court order that the government file no later than November 16, 2006: (1) its brief on any remaining substantive issues concerning ATK's entitlement to damages, including its "no declaratory relief" issue; and (2) the proposed schedule for the "path forward" to a damages proceeding and a final judgment.

Dated: November 2, 2006

Respectfully submitted,

Thomas A. Lemmer
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, Colorado 80202
Tel: (303) 634-4000
Fax: (303) 634-4400
ATTORNEY FOR ATK THIOKOL, INC.

OF COUNSEL:

Steven M. Masiello
McKenna Long & Aldridge LLP
1875 Lawrence Street, Suite 200
Denver, Colorado 80202

Michael L. Bell
Alliant Techsystems Inc.
ATK Thiokol, Inc.
P.O. Box 98
Magna, UT 84044-0098

---

*(footnote continued from previous page)*

than consolidate such opposition with its substantive issues on ATK's entitlement to damages in a timely filing with this Court.

**CERTIFICATE OF SERVICE**

I herby certify that on the 2nd day of November, 2006, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME AND MOTION FOR STAY was served electronically addressed to:

Robert Chandler
Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, N.W., Room 7062
Attn: Classification Unit, 8th Floor
Washington, DC 20005
robert.chandler@usdoj.gov

Stacey Gustus by Michele Sage

DN:32119477.3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATK Thiokol,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.99-440<br>(Judge Braden) |

DECLARATION

I, Robert E. Chandler, hereby declare under penalty of perjury, pursuant to 28 U.S.C.§ 1746, that the following is true and correct:

1. The above-captioned matter was re-assigned to me on July 24, 2006. As of that date, I became primarily responsible for this case and on September 14, 2006 entered my appearance with the Court.
2. Except for occassionally providing me with counsel and background information, my predecessor, Mr. Kyle Chadwick, was not involved in this case after July 24, 2006.
3. On July 31, 2006, this Court entered its second Memorandum Opinion and Order which, in part, directed the parties to confer regarding the possibility of reaching agreement with respect to the amount of damages to which ATK Thiokol ("ATK") was entitled.
4. On August 9, 2006, I received an e-mail from Mr. Steven Massiello. Attached to that e-mail was a document entitled "Stipulation on Amount Owed" which proposed that the parties stipulate that the amount of damages owed to ATK in this case was $9,298,978. Both the email and the attachment are included as Exhibit 2 to the Government's Motion for Judgment.
5. Some time between September 7 and September 13, 2006, I informed Mr. Massiello that the Government would not enter the proposed stipulation based upon our view that ATK is not entitled to any monetary relief in this case.
6. At no time, in any conversation with opposing counsel or in any correspondence, did I indicate the Government's assent to any agreement with respect to the amount of damages. In fact, I would not have been authorized to accept such a stipulation.
7. The Government has not conducted any discovery in this case with respect to ATK's claims for breach of contract or with respect to the amount of damages. ATK asserted its claims for breach of contract and for monetary relief for the first time in its amended complaint, filed September 8, 2006, and its second amended complaint, filed October 19, 2006. The Government has not sought

Exhibit 4

discovery since those dates because it has been awaiting the Court's decision with respect to whether the proposed amendments to the complaint will be permitted. Should the Court grant ATK's motion for leave to amend its complaint, therefore, it would be necessary for the Government to conduct discovery, including interrogatories to ATK and depositions of its internal auditors, in order to respond ATK's motion for summary judgment with respect to breach and damages.

Executed on: April 19, 2007

Robert E. Chandler