**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ATK THIOKOL, INC.<br>Plaintiff,<br>vs.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 99-440c<br>(Judge Braden) |

**MOTION FOR JUDGMENT UNDER RULE 54(b) ON ENTITLEMENT**

Plaintiff, ATK Thiokol, Inc. ("ATK"), moves this Court for the Entry of Judgment on Entitlement as indicated in the attached draft Entry of Judgment on Entitlement, pursuant to Rule 54(b) of the Rules of the Court of Federal Claims and the Court's request at oral argument on April 12, 2007. The requested entry of final judgment would rule as follows:

1. The research and development ("R&D") and capital costs disallowed in the amount of $8,149,888.00 under a final decision dated May 14, 1999, are allocable and allowable costs in accordance with the Court's decision in *ATK Thiokol, Inc. v. United States*, 68 Fed. Cl. 612 (2005) ("*ATK I*").

2. ATK is entitled to recover the total amount of the disallowed costs actually incurred and not paid under all contracts subject to the Cost Accounting Standards ("CAS") and the Federal Acquisition Regulation ("FAR") impacted by the disallowance in accordance with the Court's decision in *ATK Thiokol, Inc. v. United States*, 72 Fed. Cl. 306 (2006) ("*ATK II*").

3. ATK's Amended Complaint, dated September 18, 2006, filed based upon the Court's decision in *ATK II*, is to be entered into the record.

4. The defendant's, United States (the "government"), motion to dismiss ATK's claim for monetary relief as outside of this court's jurisdiction is denied.

5. ATK is entitled to interest under the Contract Disputes Act ("CDA"), 42 U.S.C. § 611, on all disallowed costs from the date the government failed to pay these costs under the terms of the relevant contracts, or May 10, 1999 (the date of ATK's claim), whichever is later, until the date of payment.

The basis for each part of the final judgment is explained below.

## A. The Disallowed Costs are Allowable Indirect Costs

The Court's opinion in *ATK I* held that ATK properly accounted for the R&D and capital costs as indirect costs and that the costs were improperly disallowed.

## B. ATK is Entitled to Monetary Relief Under All Impacted Contracts For the Entire Disallowance

The Court's opinion in *ATK II* held that ATK's certified claim was a demand for payment of a sum certain in the amount of $8,149,888.00 that related to all contracts under which the R&D and capital costs had been disallowed, establishing the Court's jurisdiction over all contracts impacted by the disallowance and the total amount claimed. 72 Fed. Cl. at 315.

## C. Entering ATK's Amended Complaint into the Record is Proper

The Court's opinion in *ATK II* found no prejudice to the government if ATK were to amend its claim to render it consistent in scope with its claim and, therefore, granted

ATK leave to amend its complaint "to seek relief for the entirety of the $8,149,888.00." 72 Fed. Cl. at 313. ATK filed an amended complaint on September 18, 2006. This amended complaint states that ATK is entitled to monetary relief in the amount of $8,149,888.00 under all contracts subject to the CAS and FAR impacted by the improper disallowance. Because the amended complaint is consistent with this Court's decision in *ATK II*, this Court should permit that ATK's Amended Complaint be included in the record.

**D. <u>The Government's Motion to Dismiss ATK's Claim for Lack of Jurisdiction Should be Denied</u>**

By motion dated December 22, 2006, the defendant moved this Court to dismiss ATK's claim for monetary relief under all contracts subject to the CAS and FAR impacted by the improper disallowance, essentially for two reasons. First, ATK requested only declaratory relief and second, ATK's request for monetary relief asserts a claim outside of the Court's jurisdiction.

The government's position that ATK requested only declaratory relief has no basis. *ATK II* found that ATK's certified claim was a demand for payment of a sum certain under all contracts. That is not a request for declaratory judgment. If ATK had appealed from the administrative contracting officer's ("ACO") Notice of Disallowance, without filing a certified claim, which it could have done, that appeal would have been a request for declaratory judgment. *See Newport News Shipbuilding & Dry Dock Co. v. United States*, 44 Fed. Cl. 613, 615-18 (1999); *Placeway Constr. Corp. v. United States*, 920 F.2d 903 (1990). ATK, however, filed its certified claim and requested recovery of a

sum certain in the amount of the improper government disallowance under the CAS and FAR, establishing its claim for monetary relief, as this Court held in *ATK II*.

The government's other argument that ATK is not entitled to monetary recovery based upon its certified demand for payment of a sum certain is that FAR rules for final contract closeout preclude payment of indirect costs prior to final contract closeout, precluding monetary relief and this Court's jurisdiction over a claim for monetary relief. The government is wrong.

First, the FAR cannot divest this Court of jurisdiction over a claim properly before the Court. *See Burnside-Ott Aviation Training Ctr. v. Dalton*, 107 F.3d 854, 858-59 (Fed. Cir. 1997); *Sharman Co. v. United States*, 2 F.3d 1564, 1571 (Fed. Cr. 1993). This Court has ruled in *ATK II* that it has jurisdiction over ATK's claim.

Second, cost-type contracts contain FAR § 52.216-7, the "Allowable Cost and Payments" (Apr. 1998) clause. 48 C.F.R. § 52.216-7. Paragraph (a) of that clause provides:

> (a) *Invoicing*. The Government shall make payments to the Contractor when requested as work progresses, but (except for small business concerns) not more often than once every 2 weeks, in amounts determined to be allowable by the Contracting Officer in accordance with Subpart 31.2 of the Federal Acquisition Regulation (FAR) in effect on the date of this contract and the terms of this contract. (Emphasis added.)

Paragraph (e) of that clause provides:

> (e) *Billing rates*. Until final annual indirect cost rates are established for any period, the Government shall reimburse the Contractor at billing rates established by the Contracting Officer or by any authorized representative (the cognizant

> auditor), subject to adjustment when the final rates are established. These billing rates —
>
> (1) Shall be the anticipated final rates; and
>
> (2) May be prospectively or retroactively revised by mutual agreement, at either party's request, to prevent substantial overpayment or underpayment. (Emphasis added.)

Paragraph (d) of that clause provides "Final indirect cost rates. (1) Final annual indirect cost rates and the appropriate bases shall be established in accordance with Subpart 42.7 of the Federal Acquisition Regulation (FAR) in effect for the period covered by the indirect cost rate proposal." Accordingly, ATK's cost-type contracts provide for monthly interim payments of allowable indirect costs subject to a true-up when final rates for a fiscal year have been determined. *See* 48 C.F.R. §§ 42.704 and .705.

Similarly, ATK's fixed-price incentive ("FPI") contracts contain FAR § 52.232-16, "Progress Payments" (July 1991). 48 C.F.R. § 52.232-16. This clause provides:

> Progress payments shall be made to the Contractor when requested as work progresses, but not more frequently than monthly in amounts approved by the Contracting Officer, under the following conditions: . . .
>
> (a) Computation of amounts: . . .
>
> (2) The following conditions apply to the timing of including costs in progress payment requests: . . .
>
> (ii) Costs for the following may be included when incurred . . . :
>
> (C) Properly allocable and allowable indirect costs . . . . (Emphasis added.)

ATK's FPI contracts, therefore, provide for interim payments of allowable indirect costs.[1]

A finding in favor of the government's argument that no amount of allowable indirect costs is due until final contract close-out is contrary to the contract provisions just addressed. Indeed, a finding in favor of the government's argument would mean that the government, at its discretion and with impunity, may decide unilaterally simply not to pay contractors their indirect costs during contract performance, and instead, wait for years until final contract close-out to make such a payment. The government's argument is simply not credible and would fundamentally alter how the government has paid contractors under flexibly priced contracts for decades and read out of flexibly priced contracts any obligation to make interim payments of indirect costs.

The ACO's Notice of Disallowance found the R&D and capital costs unallocable and unallowable, precluding ATK from billing these costs on an interim basis under the contract clauses just described because these clauses limit interim payments to allocable and allowable indirect costs. Because that disallowance was improper, ATK was entitled to be paid these costs on an interim basis, but was not. Under FAR §§ 52.216-7(a) and (e) and 52.232-16(a)(2)(ii)(C), therefore, ATK is entitled to recover the disallowed costs in accordance with its demand for payment; a demand that this Court ruled in *ATK II* that it has jurisdiction to address. Accordingly, the government's motion to dismiss ATK's claim for monetary relief is incorrect.

---

[1] Under FPI contracts, interim payments through billing prices established based upon allocable and allowable indirect costs also can occur upon delivery. *See* 48 C.F.R. § 52.216-16(b) and (f).

**E. ATK is Entitled to Interest Under the CDA on The Amount The Government Failed to Pay**

Under the CDA, a contractor is entitled to interest on any amount found due. 41 U.S.C. § 611 provides that:

> Interest on amounts found due contractors on claims paid to the contractor from the date the contracting officer receives the claim pursuant to section 605(a) of this title from the contractor until payment thereof. The interest provided for in this section shall be paid at the rate established by the Secretary of the Treasury pursuant to Public Law 92-41 (85 Stat. 97) for the Renegotiation Board.

The government failed to pay ATK the disallowed costs on an interim basis, as discussed above. Thus, ATK is entitled to interest from the date the government failed to pay these costs under the terms of the relevant contracts or May 10, 1999 (the date of ATK's claim), whichever is later, through the date of payment. Failing to find ATK entitled to interest would mean for ATK that the government, with impunity, would fail to pay amounts owed to ATK for years. On a broader view, concluding that interest is not available on claims relating to indirect costs until final indirect cost rates have been established, and contract closeout occurs, would mean that under all of its contracts, the government may simply decide unilaterally not to pay indirect costs on an interim basis, a decision that its contracts preclude, without liability to compensate contractors for the lost value of the interim payment stream due under the terms of the relevant contracts. Effectively, therefore, the government could extract, with impunity and without compensation, the involuntary private financing by contractors of government projects under any flexibly-priced contract. Clearly, that would be an improper result.

**F. ATK's Motion to Amend Its Complaint a Second Time Should be Granted If Necessary to Permit Full Recovery of Disallowed Costs and Interest**

By motion dated October 19, 2006, ATK moved this Court for leave to file a second amended complaint. ATK's Second Amended Complaint made clear what had been legally implicit from the operative facts of its claim; *i.e.*, that the government had breached all contracts impacted by the ACO's improper disallowance and the resulting failure to pay in accordance with relevant contract terms. ATK's allegation of breach of contract asserted in its second amended complaint is not based upon any facts other than the operative facts that underlie ATK's claim. Thus, ATK's Second Amended Complaint does not assert a new claim and is within this Court's jurisdiction as it defined its jurisdiction in *ATK II*. *Swanson Group, Inc. v. United States*, No. 05-170C, 05-171C, 2007 WL 1031715, at *5-7 (Fed. Cl. Mar. 26, 2007) (court possesses jurisdiction for claim based upon assertion that government's suspension of work was "invalid;" new legal theories of breach of contract do not constitute a new claim); *Scott Timber Co. v. United States*, 333 F. 3d 1358, 1365 (Fed. Cir. 2003) (claim for essentially same operative facts and for same relief based upon differing legal theories not a new claim); *Dewey Elec. Corp. v. United States*, 803 F.2d 650, 655 (Fed. Cir. 1986) (scope of operative facts presented for CO's decision determines jurisdiction).

Despite ATK's motion to amend its complaint a second time being proper under RCFC Rule 15, to the extent that the Court concludes that ATK is entitled to recover all amounts in dispute under all contracts and is entitled to CDA interest based upon ATK's Amended Complaint, the Court need not decide ATK's Motion for Leave to File Second

Amended Complaint. ATK's draft order attached to this motion does not address the second amended complaint. ATK respectfully requests that the Court modify the draft order to grant ATK's motion to amend its complaint a second time if the Court were to conclude that the second amendment is necessary to permit full recovery of the disallowed costs and CDA interest.

## CONCLUSION

For the reasons stated above, ATK respectfully requests that the Court enter judgment on entitlement and set a date for trial on the damages, unless the Court were to certify, or the government were to request and the Court were to grant and then certify, any of its decisions for interlocutory appeal under 28 U.S.C. § 1292(b).

Respectfully submitted this 19th day of April, 2007.

s/Thomas A. Lemmer
Thomas A. Lemmer
**McKenna Long & Aldridge LLP**
1875 Lawrence Street, Suite 200
Denver, Colorado 80202
Tel: (303) 634-4000
Fax: (303) 634-4400
ATTORNEY FOR ATK THIOKOL, INC.

OF COUNSEL:

Steven M. Masiello
**McKenna Long & Aldridge LLP**
1875 Lawrence Street, Suite 200
Denver, Colorado 80202

Michael L. Bell
Alliant Techsystems Inc.
ATK Thiokol, Inc.
P.O. Box 98
Magna, UT 84044-0098

DN:32123009.3