**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ATK THIOKOL, INC.<br>Plaintiff,<br>vs.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 99-440c<br>(Judge Braden) |

**PLAINTIFF'S MOTION FOR A ONE-DAY QUANTUM TRIAL AND REMAND IN SUPPORT OF THE TRIAL**

Plaintiff, ATK Thiokol, Inc. ("ATK"), respectfully requests that the Court set a one-day trial on or about December 12, 2007, to determine the precise amount of unpaid costs to which ATK is entitled following the Court's November 30, 2005 decision (*ATK Thiokol, Inc. v. United States*, 68 Fed. Cl. 612, 641 (2005)) ("*ATK I*") (hereinafter, a "quantum trial"). Such a brief one-day quantum trial in this case is appropriate.

This Court has already ruled on all required entitlement and jurisdictional issues in its previous decisions. *See ATK I,* 68 Fed. Cl. at 625-26, 644-45.; *ATK Thiokol, Inc. v. United States*, 72 Fed. Cl. 306, 310, 315-16 (2006) ("*ATK II*"); *ATK Thiokol, Inc. v. United States,* 76 Fed. Cl. 654, 658-61, 669-70 (2007) ("*ATK III*"). Defendant, the United States (the "government"), however, has stated concerns that the record does not contain "amounts found due," within the meaning of the Contract Disputes Act ("CDA"), 41 U.S.C. § 611, precluding this Court from awarding CDA interest and entering a final judgment in this case.

ATK disagrees with the government. All of the required calculations have been performed concerning the precise amounts of unpaid costs due to ATK and CDA interest owed upon such amounts due. In fact, the parties have entered previously into agreements, at least twice, that contain such calculations.[1] Finally, the relevant amounts due to ATK are mechanically determinable based upon the parties' recent stipulation dated September 27, 2007. Thus, the very reasons why the government's concerns are misplaced establish that the concerns may be eliminated by a relatively brief presentation of evidence to this Court. ATK, therefore, requests that the Court set a one-day quantum trial on or about December 12, 2007.

In support of efficiency at this trial, pursuant to Rule 52.2(a) of the Rules of the Court of Federal Claims ("RCFC") and 28 U.S.C. § 1491(a)(2), and in the interest of judicial economy, ATK respectfully requests that the Court remand this matter to the cognizant administrative contracting officer ("ACO") with instructions consistent with the proposed Order attached as Exhibit C. As described in the detail of the proposed Order, ATK requests that such a remand instruct that the ACO perform the calculation of the amounts due to ATK based upon the costs that the parties' stipulated were disallowed from ATK's pertinent indirect cost pools in the relevant fiscal years 1998 through 2006, and that were improperly not paid to ATK under each relevant flexibly priced

[1] For the Court's convenience, ATK attaches as Exhibit A the Plaintiff's Status Report dated September 14, 2006, previously filed in this case. Exhibit A (and its attachments) detail the two separate instances on or about April 19, 2006, and again on or about August 28, 2006, that the parties have reached agreement on the unpaid costs and interest due.

government contract performed in these fiscal years. Further, ATK requests that the Court include as part of its remand instructions that the ACO perform an additional calculation of applicable CDA interest on these unpaid costs.

As noted above, these precise calculations were performed and resulted in agreeable figures for the amounts due to ATK and CDA interest on such amounts, at least twice, during this litigation. *See* Ex. A. In any case, the figures are mechanically determinable based upon the parties' recent stipulation dated September 27, 2007. Thus, if the Court were to determine that remand prior to a quantum trial is just and properly within the interests of judicial economy, ATK believes that such an Order would likely result in the development by the ACO of amounts that should shorten or eliminate the requested quantum trial. The specific bases for ATK's motion are set forth below.

## I. <u>BACKGROUND</u>

For the Court's convenience, a brief summary of the prior decisional history of this case is provided.

1. On November 30, 2005, this Court granted ATK summary judgment that the government's disallowance as indirect costs to government contracts of certain of ATK's independent research and development ("IR&D") and depreciation costs relating to tangible capital assets was improper under the Cost Accounting Standards and Federal Acquisition Regulation (the "disputed indirect costs"), entitling ATK to recovery of such disallowed costs as allowable indirect costs under all relevant contracts. *ATK I*, 68 Fed. Cl. at 641.

2. On July 31, 2006, the Court confirmed its holding in *ATK I* that ATK was entitled to monetary relief through recovery under all relevant government contracts as indirect costs all of the disputed indirect costs. *ATK II,* 72 Fed. Cl. at 313. Specifically, in *ATK II*, this Court reaffirmed its jurisdiction over all flexibly priced government contracts impacted by the government's disallowance and all amounts disallowed, and granted ATK permission to amend its complaint to seek monetary relief for the ACO's disallowance of the disputed indirect costs with respect to all of ATK's affected flexibly priced government contracts, and not just certain "test" contracts. *Id.* at 313-15.

3. On May 31, 2007, this Court granted ATK's Motion for Entry of Judgment, pursuant to RCFC 54(b), concluding that the government's failure to pay the disputed indirect costs on an interim basis in accordance with the relevant terms of ATK's flexibly priced government contracts (*i.e.*, 48 C.F.R. § 52.216-7) constituted a breach of contract. *ATK III*, 76 Fed. Cl. at 668-70. Further, the Court found in *ATK III* that ATK was entitled to monetary damages in the form of the unpaid amounts allocable to the relevant flexibly priced government contracts resulting from the reinstatement by the cognizant ACO of the disputed indirect costs as allowable costs for inclusion in the appropriate ATK indirect cost pools and rates. *Id*. at 667-68. The Court also confirmed that ATK was entitled to interest on such unpaid amounts under the CDA (41 U.S.C. § 611), from

the date that the government failed to pay the amounts under the relevant flexibly priced government contracts, or the date of ATK's certified claim, whichever is later. *Id*. at 668-69.

4. Following the Court's decisions, ATK and the government entered into a stipulation on September 27, 2007 (the "Stipulation"), concerning the amounts of disputed indirect costs that must be reinstated as allowable for purposes of interim payment under the relevant flexibly priced government contracts by the costs' inclusion in the appropriate ATK indirect cost pools and rates for the relevant fiscal periods of 1998 through 2006 (the "Stipulated Amounts"). *See* Ex. B.

5. The Stipulation does not include an agreement on the precise amount of the disputed indirect costs that the government failed improperly to pay on an interim basis under relevant flexibly priced government contracts, as found by this Court in *ATK I, II, and III* (the "unpaid costs"). *See id*. These unpaid costs may be determined mathematically by the inclusion of the Stipulated Amounts for the relevant fiscal years into the appropriate ATK indirect cost pools for each of these years, determination of the relevant revised indirect rates and application of such revised indirect rates to the relevant flexibly priced government contracts, as the Court recognized in *ATK III* and as the parties have done twice previously. *ATK III*, 76 Fed. Cl. at 667-68; *see* Exs. A, B.

6. The Stipulation also does not include the calculation of CDA interest due to ATK on the unpaid costs (the "interest due"). Once the unpaid costs are mathematically determined, the interest due on such unpaid costs are subject to mathematic calculation pursuant to the applicable rates and requirements of the CDA as the parties have done twice previously. 41 U.S.C. § 611; *see* Exs. A, B.

## II. ARGUMENT

This Court and the parties have spent significant effort placing this case in its current posture. That posture is that the Court has jurisdiction over all entitlement and quantum issues, all entitlement issues have been decided and all facts relating to quantum have been found or are subject to the Stipulation between the parties. The government, however, continues to argue that no "amounts found due," as that term is used in 41 U.S.C. § 611, exists and appears ready to use this argument to appeal this Court's ruling that ATK is entitled to CDA interest.

The government's "amounts found due" argument is incorrect because the determination of the unpaid costs and interest due may be made based directly upon the Stipulated Amounts in the parties' Stipulation and this Court's previous decisions in this case. Nevertheless, ATK respectfully requests that the Court set on or about December 12, 2007, a one-day quantum trial to permit a brief presentation of evidence to assist this Court to make a finding on the unpaid costs and interest due in satisfaction of the government's procedural concerns.

In support of this trial, and in the event that the Court determines that further efforts by the parties to stipulate the unpaid costs and interest due are appropriate prior to any quantum trial, ATK respectfully requests that the Court remand the issues to the cognizant ACO. The remand would order the ACO to make two factual determinations: (a) the determination of the unpaid costs under the relevant flexibly priced government contracts; and (b) the proper interest due on such unpaid costs based upon the application of the relevant interest rate(s) from the pertinent date from which interest is to be calculated pursuant to the CDA as a result of the government's breach of the relevant flexibly priced government contracts.

The Court's authority to remand fact development matters to the cognizant agency official for further consideration or action is established in RCFC 52.2. RCFC 52.2 states, in pertinent part, as follows:

> (1) Issuance of Remand Order. At the request of a party or on its own motion, the court may in any case within its jurisdiction by order remand appropriate matters to any administrative or executive body or official with such direction as it may be deem proper and just.
>
> (2) Content of Remand Order. An order of remand shall (A) delineate the area of further consideration or action deemed warranted on the remand, (B) fix the duration of the remand period, not to exceed 6 months, and (C) specify the extent to which court proceedings shall be stayed during the remand period.

RCFC 52.2(a). Under this rule, the Court may remand for further consideration or action any matter within its jurisdiction to "any administrative or executive body or official with such direction as may be deemed proper and just." *Id.;* 28 U.S.C. § 1491(a)(2).

Should the Court determine that further efforts of the parties are desirable, a remand prior to a quantum trial is just and proper, particularly in this case where the Court has found that it possesses jurisdiction over the unpaid costs because such costs are the direct damages resulting from the government's failure to pay the disputed indirect costs on an interim basis in breach of the relevant flexibly priced government contracts. *ATK I,* 68 Fed. Cl. at 644-45; *ATK II,* 72 Fed. Cl. at 310; *ATK III,* 76 Fed. Cl. at 669-70. Moreover, the Court has found that ATK is entitled to the interest due on such unpaid costs pursuant to the CDA. *ATK III,* 76 Fed. Cl. at 668-69. No prejudice to the government would result from a remand prior to the date set for a quantum trial because the ACO determination of the unpaid costs and interest due would be based directly upon the Stipulated Amounts in the parties' Stipulation and this Court's previous decisions in this case, and should the parties fail to reach a stipulation, either party would be entitled to present evidence to this Court at trial supporting (or denying) the ACO's determination. Indeed, ATK believes that remand likely will yield figures acceptable to the Court and to the parties, as a matter of undisputed mathematical fact, eliminating (or in the case stipulation is not possible, at least, narrowing the scope of) any quantum trial prior to entry of a final judgment. Thus, remand prior to conducting a quantum trial furthers the interests of justice and judicial economy because it operates to resolve (or narrow) the parties' differences within the Court's previous holdings in *ATK I, II and III.*

In the event that the Court were to determine that remand is appropriate, ATK respectfully requests that the Court issue the attached proposed Order. ATK requests further that the Court remand with instructions that require the ACO to determine the

unpaid costs by: (a) calculating the indirect rates resulting from the reinstatement of the Stipulated Amounts as allowable indirect costs, using ATK's indirect cost rate structure for the relevant year and all costs used for interim rate purposes in that year; (b) applying the calculated indirect rates for each fiscal year to ATK's appropriate flexibly priced government contracts performed in that year; and (c) measuring and accumulating the amounts not paid under each such relevant government contract in each fiscal year. The Court's Order should also instruct the ACO to determine the interest due by applying the established CDA interest rates to the unpaid costs from the date(s) which interest is to be calculated pursuant to the CDA. Both the time period and instructions ATK requests are reasonable because the cognizant ACO has twice before, as discussed previously, applied these instructions in measuring both principle and interest amounts payable to ATK as a consequence of the Court's previous decisions. *See* Exs. A, B.

## III. CONCLUSION

Based on the forgoing, ATK respectfully requests that the Court issue an Order setting a date on or about December 12, 2007, for a one-day quantum trial. In support of that trial, ATK respectfully requests that the Court remand the case to the cognizant ACO for a period not to exceed 45 days the matters of the unpaid costs and interest due for further consideration and action in accordance with the instructions set forth in the attached proposed Order. To provide the ACO with sufficient time to consider and act upon the remanded matters, ATK further requests that the proceedings in this case be stayed pending the completion of the 45-day remand period.

Respectfully submitted this 17th day of October, 2007.

s/Thomas A. Lemmer
Thomas A. Lemmer
**McKenna Long & Aldridge LLP**
1875 Lawrence Street, Suite 200
Denver, Colorado 80202
Tel: (303) 634-4000
Fax: (303) 634-4400

ATTORNEY FOR ATK THIOKOL, INC.

OF COUNSEL:

Steven M. Masiello
**McKenna Long & Aldridge LLP**
1875 Lawrence Street, Suite 200
Denver, Colorado 80202

Michael L. Bell
Alliant Techsystems Inc.
ATK Thiokol, Inc.
P.O. Box 98
Magna, UT 84044-0098

DN:32130315.5