IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATK THIOKOL, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 99-440C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR A ONE-DAY QUANTUM TRIAL AND REMAND IN SUPPORT OF THE TRIAL AND MOTION FOR DECLARATORY JUDGMENT**

The procedure proposed by plaintiff will not work. It will not work for the simple reason that plaintiff's claim to monetary relief is predicated upon its claim for breach of contract, and this Court has not found a breach of contract by the Government. Thus, plaintiff's proposal to remand the matter to the Divisional Administrative Contracting Officer ("DACO") for a calculation of damages would unnecessarily delay the conclusion of this litigation and would be impractical and wasteful. Moreover, it is wholly unrealistic to contend that the Court might resolve liability and quantum issues with respect to more than 100 contracts in a one-day proceeding. We therefore respectfully request that the Court deny plaintiff's motion.

Instead, the Court should conclude this matter immediately by entering declaratory judgment based upon its November 30, 2005 opinion. This approach represents the only means of resolution in this case that would accurately reflect the effect of the allocations permitted by the Court's November 30, 2005 opinion, would avoid a lengthy and unnecessary trial, and would provide for the orderly settlement of final payments pursuant to the relevant contracts. It also would allow this litigation to move on to its appellate phase immediately. We therefore move for the entry of the Government's proposed declaratory judgment.

If the Court were to take this approach, it could enter judgment immediately, without any further hearings or a trial. Based upon the Court's declaratory judgment, ATK would be permitted to make the requested allocation to its G&A pool in its entirety (i.e., with respect to all of its contracts with the Government). ATK then would submit completion invoices or vouchers for its indirect costs to the Government, pursuant to the method provided in its contracts for the payment of indirect costs. Any disagreements concerning the appropriate amount of the allocation would be resolved according to the contracts' disputes clause and the procedures proscribed in the FAR. This approach would bring the proceedings before this Court to a close and would ensure that ATK receives the full benefit of the Court's November 30, 2005 opinion.

## I. The Court Should Deny Plaintiff's Motion

### A. The Court Has Not Found That The Government Breached Its Contracts With ATK And, Thus, There Is No Basis For A Remand For A Determination Of Damages

ATK's claim for monetary relief in this matter is based upon its claim that the Government breached each of the more than 100 contracts between the Government and ATK. In proposing a remand for calculation of damages, however, ATK blithely ignores the fact that this Court has not found that the Government breached its contracts with ATK. In point of fact, the Court's November 30, 2005 opinion held only that the Government should have permitted the requested allocations to the ATK's G&A pool pursuant to FAR 31.205-11 and 31.205-18(c) and CAS 402 and 409. ATK Thiokol, Inc. v. United States, 68 Fed. Cl. 612, 641, 645 (2005) ("ATK III"). That finding is not the same as a finding of breach of contract. Thus, in order to succeed on its claim for damages for breach of contract, it remains for ATK to prove a breach of its contracts with the Government.

ATK has not, however, undertaken to present any evidence with respect to breach. The record in this case does not identify the contracts or the provisions in those contracts that ATK claims have been breached. It does not specify the particular actions by the Government that it alleges constitute a breach for any, much less all, of its contracts. ATK's complaint bases its breach claims upon its allegation that the "government was obligated to pay or reimburse Thiokol … under the payment terms in each and every affected contract." Second Amended Complaint ¶ ¶ 71, 87. It fails to identify these "payment terms," however. As a general matter, payment pursuant to ATK's contracts requires the submission of an invoice for payment, but ATK has not alleged, much less proved, that it has submitted any such invoices.

ATK repeatedly asserts that this Court has determined that it is "entitled" to monetary relief in this case. Pl. Mot. at 1 ("This Court has already ruled on all required entitlement … issues"); Id. at 6 ("all entitlement issues have been decided"). That simply is not true. The Court's prior decisions with respect to monetary relief in this case merely held that the Court had jurisdiction to consider ATK's monetary claims. ATK III at 664 ("the court has jurisdiction to award Plaintiff money damages in this case") (emphasis added); Id. at 669 ("the court has determined it has authority to award the Plaintiff damages for the breach of contract claims") (emphasis added); Id. ("the court has the authority to award the Plaintiff monetary relief") (emphasis added). The Court has not determined, however, that ATK is actually entitled to such relief.[1] That is, the Court has determined that it has jurisdiction to consider ATK's breach of

[1] We note that the Court states at the end of its opinion in ATK III that "Plaintiff is entitled to monetary relief for all contracts." ATK III at 669. We believe, however, that the Court merely misstated its holding in this sentence. First, ATK's claim for monetary relief is based upon its claim for breach of contract, but the Court does not address whether there was, in fact, a breach of contract in its opinion in ATK III. In fact, its statement above is not in harmony with the

contract claims, but has not found a breach of contract by the Government. The Court's opinion in ATK III does not consider the issue of whether a breach of contract actually occurred. Indeed, as explained above, the Court could not have found a breach of contract by the Government at this stage, because there is no evidence in the record supporting such a finding.

**B. ATK's Proposed Approach Would Force The Court To Decide Matters Committed To The Discretion Of The DACO By The FAR**

ATK's approach also would require the Court to usurp the DACO's authority in precisely the manner the Court already determined it may not do in ATK III. ATK III at 668. ATK's proposed order contains a detailed list of instructions from the Court to the DACO as to the procedure he should employ in carrying out his FAR-delegated responsibility to determine the final contract payment amount. Pl. Mot. at Exh. 3. ATK appears to be attempting to force its interpretation of the FAR payment provisions upon the DACO. The FAR itself, however, commits interpretation of those provisions to the DACO. If the Court were to order the DACO to employ the calculation methods proposed by ATK, it would be no less a usurpation of the DACO's authority than if the Court took over contract administration by performing the calculations itself.

In any event, before the Court could adopt the procedures proposed by ATK, it must make a determination that they are, in fact, the appropriate procedures for the DACO to follow. The record is not sufficient at this point to permit the Court to make that determination. Thus, at the very least, a period of limited discovery and a hearing, including expert testimony, would be

---

Court's several statements that its holding was with respect to the Court's jurisdiction and authority. Finally, it is evident that the Court was addressing its own jurisdiction, and not ATK's entitlement to monetary relief, from the fact that the Court cited a sentence from its opinion in ATK II relating to the Court's jurisdiction to adjudicate claims with respect to all of plaintiff's

required in order for the Court to fashion instructions to the DACO that are faithful to the FAR payment determination process.

Moreover, ATK's proposed "quantum trial" would require the Court to determine the final payment amounts with respect to each of the contracts at issue, and to resolve any issues not resolved by the DACO. Pl. Mot. at 6 ("ATK respectfully requests that the Court set … a one-day quantum trial to … assist this Court to make a finding on the unpaid costs and interest due"). The Court has already determined, however, that it will not determine these final payment amounts. ATK III at 668 ("The court is not making, and does not need to make, any additional determinations about … what final payments are due, if any. … Ultimately a final indirect cost rate and the final amount due under each contract will be established by the DACO").

**C. ATK's Proposed Approach Would Unnecessarily Delay Resolution Of This Matter**

It would be impossible to resolve the remaining issues in this case in a one day hearing, as ATK suggests. First, there are a lot of pre-trial steps that have yet to take place. The Government has not yet had an opportunity to answer plaintiff's second amended complaint. No discovery has been conducted with respect these breach claims or with respect to damages. Neither party has designated experts. Litigation of this case would require substantial additional preparation upon the part of the Government, including the review of over 100 contracts, additional discovery, the hiring and preparation of experts and, eventually, trial preparation. If the Court remands the matter to the DACO, it would take at least several months before the

---

contracts with the Government.

DACO could make a determination.[2] Moreover, the trial itself would require far in excess of one day to complete. The Court would need to adjudicate over 100 breach claims, and it would need to resolve any damages issues that the parties failed to stipulate to after remand. Until discovery is complete, it would be impossible to determine the amount of time necessary for trial, but it is safe to assume at this point that it would require at least several weeks.

Moreover, ATK's approach seems to rely upon the assumption that if the matter is remanded to the DACO, the parties will be able to reach a stipulation with respect to damages.[3] Pl. Mot. 7 (requesting remand "in the event that the Court determines that further efforts by the parties to stipulate the unpaid costs and interest due are appropriate"), Id. at 8 ("Should the Court determine that further efforts of the parties are desirable, a remand prior to a quantum trial is just and proper"). The Government disagrees. This litigation has been pending for eight years, and the parties have made several efforts at compromise. There is no reason to believe that additional efforts are likely to bear fruit, and creating unnecessary procedures in the hope that they will spur the parties to compromise would not be a good use of the Court's or the parties' resources.

---

[2] The Defense Contract Audit Agency has informed defendant's counsel that the Government does not maintain the contract information for all its 100-plus contracts with ATK in one facility or database. Thus, in order to complete the remand process proposed by plaintiff, the Government would need to collect that information from the contracting officers for each of the relevant contracts. That process would take several months.

[3] To a very large extent, ATK's expectation regarding the parties' ability to reach a stipulation with respect to damages depends on its assertion that the parties already have reached an agreement on damages. Pl. Mot. 2, fn. 1 and accompanying text ("the parties have reached agreement on the unpaid costs and interest due.") This assertion, however, is simply untrue. For a detailed explanation demonstrating the falsity of ATK's contention, the Government refers the Court to its Motion in Support of Defendant's Proposed Order, page 3-4. In addition, we note that ATK's only citation in support of its argument that the parties previously had reached an agreement is to its own self-serving misstatements in its prior filings in this Court. Pl. Mot. at 2,

## II. The Court Should Conclude This Litigation By Entering Declaratory Judgment

The Court may conclude this litigation by taking the following steps:

1. Enter declaratory judgment consistent with the proposed order attached as Exhibit 1 hereto.

2. Reconsider its prior decision to grant ATK leave to file its second amended complaint, and deny leave to amend.

The Government recognizes that this litigation has become a Gordian knot. The difficulties in bringing this matter to a resolution, however, are difficulties of ATK's making. They are a direct consequence of ATK's having waited more than seven years after initiating this litigation to assert its breach of contract claims against the Government. In its decision in ATK III, the Court permitted ATK to amend its complaint to add its breach of contract claims. ATK III at 662. Thus, ATK has finally plead its breach claims; now it remains for ATK to prove its breach claims. Even if, as ATK argued previously, the Government had notice of these claims as early as 1999, the fact remains that neither party has litigated this matter as a breach of contract matter and, thus, the record before the Court is not sufficient to permit the Court to decide those claims on the merits in the near future. In essence, if the Court adopts ATK's proposed approach, we are at the beginning of the litigation of over 100 contract claims.

Instead, the Court may enter immediate declaratory judgment. This approach is fully in accord with the Court's November 30, 2005 opinion, would afford ATK the full measure of relief flowing from that decision, would permit immediate and focused appellate review and, most importantly, is in accordance with the law. We therefore respectfully request that the Court enter declaratory judgment consistent with the proposed order attached as Exhibit 1 hereto.

---

fn.1, Exh. A.

In addition, reconsideration of ATK's motion for leave to file its second amended complaint is warranted in light of recent events. Neither of the parties, nor the Court, could have predicted the intractable posture this litigation would take when ATK amended its complaint to include more than 100 breach of contract claims following ATK III. Nor was it in the parties' or the Court's contemplation that the amendment to ATK's complaint would effectively start this litigation anew. The requirement that the Government restart this case after eight years, and engage in costly and time-consuming discovery followed by a costly and time-consuming trial, would work substantial prejudice to the Government. Moreover, this prejudice is the result of the ATK's unjustified seven-year delay in amending its complaint to include its breach of contract claims. In light of ATK's unjustified delay and the prejudice resulting to the Government, the Court should deny ATK's motion for leave to amend.

## CONCLUSION

The Government's approach represents the only practical way to cut through the Gordian knot that is this case. We therefore respectfully request that the Court deny Plaintiff's Motion For A One-Day Quantum Trial And Remand In Support Of The Trial And Motion For Declaratory Judgment. We further respectfully request that the Court enter declaratory judgment consistent with the Government's proposed order attached as Exhibit 1 hereto, reconsider its order granting plaintiff's motion for leave to file its second amended complaint and deny plaintiff's motion for leave to file its second amended complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

Attorneys for Defendant

OF COUNSEL:

Douglas Jacobson
Defense Contract Management Agency
B.H. Whipple Federal Building
Suite 1150
1 Federal Drive
Ft. Snelling, MN 55111-4007
Tel: (612) 605-4105

Paul Mitchell
Defense Contract Audit Agency
Suite 2135
8725 John J. Kingman Road
Ft. Belvior, VA 22060
Tel: (703) 767-3045

November 16, 2007

CERTIFICATE OF FILING

I hereby certify that on this 16th day of November 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR A ONE-DAY TRIAL AND REMAND IN SUPPORT OF THE TRIAL AND MOTION FOR DECLARATORY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler

**EXHIBIT 1**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATK THIOKOL, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 99-440C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

In accordance with the Court's opinion entered on November 30, 2005, the Court hereby enters declaratory judgment that:

1. ATK Thiokol's allocation of its Independent Research and Development costs associated with the upgrade of its Castor IVA-XL Solid Rocket Motor as an indirect cost pursuant to Federal Acquisition Regulation ("FAR") 31.205-18(c) and Cost Accounting Standard ("CAS") 402 was proper.
2. ATK Thiokol's allocation of its Production Equipment expenditures related to the acquisition of tangible assets necessary to produce the Castor IVA-XL Solid Rocket Motor as an indirect cost pursuant to FAR 31.205-11 and CAS 409 was proper.

Entered this ___ day of November, 2007

_______________________
Hon. Susan G. Braden