**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ATK THIOKOL, INC.<br>Plaintiff,<br>vs.<br>THE UNITED STATES,<br>Defendant. | Case No. 99-440c<br>(Judge Braden) |

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR A ONE-DAY QUANTUM TRIAL AND REMAND IN SUPPORT OF THE TRIAL AND OPPOSITION TO DEFENDANT'S MOTION FOR DECLARATORY JUDGMENT**

The Defendant's, the United States (the "government"), Response to Plaintiff's Motion for A One-Day Quantum Trial and Remand in Support of the Trial and Motion for Declaratory Judgment ("Govt. Brief") establishes that the government stridently refuses to recognize that it already has lost the arguments that it is making and that the door to further arguments is closed. The government compounds its refusal to understand that it has lost by forgetting that consistency of position is a virtue.

In its brief, the government argues, once again, that this case is solely a declaratory judgment action and, as a result, there can be no holding of breach of contract for failure to make interim payments of allowable indirect costs and no authority for this Court to award damages. This Court has rejected these positions on multiple occasions.

In an effort to explain why it does not understand "no," the government argues that this Court may not rely upon Federal Acquisition Regulation ("FAR") § 52.216-7 to establish breach under the flexibly-priced contracts impacted by the government's

improper disallowance even though: (1) both parties have relied upon that very provision from the beginning; and (2) the government has relied, and continues to rely, upon that very provision to argue that there is no breach of, and no court jurisdiction over, any of the relevant contracts. *See ATK Thiokol, Inc. v. United States ("ATK III"),* 76 Fed. Cl. 654, 664-68 (2007). Being consistent with its inconsistency, the government also ignores, in an effort to argue delay, the fact stipulation that exists in this litigation and its previous agreement, twice, to the quantum impact of the government's disallowance under the relevant contracts. If every disappointed litigant engaged in the government's pattern of behavior, no litigation would ever end.

The government is simply wasting the Court's time. Accordingly, this Court should grant plaintiff's, ATK Thiokol, Inc. ("ATK"), Motion for a Quantum Trial and Remand in Support of Trial.

## I. <u>THE ARGUMENTS IN THE GOVERNMENT'S BRIEF ARE WRONG</u>

The government begins by arguing that all ATK is entitled to is a declaratory judgment. Govt. Br. at 1-2. This Court specifically has rejected this position. *ATK III,* 76 Fed. Cl. at 669.

All of the government's other arguments are based on its incorrect position that a declaratory judgment is involved, and, thus, these other arguments also are wrong. Even when examined individually, these other arguments remain wrong. *See* Govt. Br. at 2-8.

1. "<u>The Court Has Not Found That The Government Breached Its Contracts With ATK</u>" — The government argues that this Court has not found breach of contract, precluding any ruling on breach damages. Govt. Br. at 2-4. Rather, the government

argues, the Court has only addressed breach in the context of its jurisdiction. *Id.* To the contrary, this Court found in its previous decisions, as it specifically states in *ATK III,* that the "Plaintiff is entitled to judgment that the [relevant disallowed costs] properly are accountable as allocable indirect costs, under CAS and FAR" and that, therefore, "Plaintiff is entitled to monetary relief for all contracts, subject to the DACO's disallowance for the entirety of the disallowed costs." *ATK III*, 76 Fed. Cl. at 669-70, *citing ATK Thiokol, Inc. v United States ("ATK I"),* 68 Fed. Cl. 612, 645 (2005), and *ATK Thiokol, Inc. v. United States ("ATK II"),* 72 Fed. Cl. 306, 313-15 (2006); *see also ATK III,* 76 Fed. Cl. at 668 (award of monetary relief was the proper consequence of the Court's decisions holding that the government failed to pay ATK the disputed costs as allowable indirect costs to the relevant government contracts on an interim basis pursuant to FAR § 52.216-7).

That holding, issued as part of the Court's grant of ATK's motion for entry of a judgment under Rule 54(b) of the Rules of the Court of Federal Claims ("RCFC"), is supported by the Court's correct holding in *ATK III*, that a breach of contract is nothing more than the nonperformance of a contractual duty. *ATK III,* 76 Fed. Cl. at 660-61, *citing Kasarsky v. Merit Sys. Prot. Bd.,* 296 F.3d 1331, 1336 (Fed. Cir. 2002), and Restatement (Second) of Contracts § 235(2)). In this regard, the Court has found that the costs in dispute were improperly disallowed. *ATK I*, 68 Fed. Cl. at 645; *ATK III*, 76 Fed. Cl. at 669-70. The Court has also found that the government improperly failed to pay these disallowed costs on an interim basis as it was required to do under the pertinent provisions in the government contracts impacted by the government's disallowance. *ATK*

*III*, 76 Fed. Cl. at 669 (stating, explicitly, the Court's judgment that ATK is entitled monetary relief for the government's improper disallowance under the relevant government contracts, plus interest pursuant to the Contract Disputes Act, 41 U.S.C. § 611). Thus, the Court has indeed found that the government's actions constituted a breach of contract.

2. "<u>No Basis for Breach Exists</u>" — The government argues that breach has not been established because ATK has not specified the contracts, the clauses and the government's actions that constitute breach. Govt. Br. at 3-4. The government made this same argument in both *ATK II* and *ATK III.* The Court has rejected this argument and has found, to the contrary, that the contracts involved are the flexibly-priced contracts subject to the Cost Accounting Standards ("CAS") and FAR under which the government disallowed the disputed costs improperly and, thus, failed to pay such costs in the manner contractually required. *ATK II*, 72 Fed. Cl. at 312-15.

The Court also has found that the contract provisions underlying the breach are the provisions stated in the government's Notice of Intent to Disallow Costs, ATK's Certified Claim and the government's Final Decision, which provisions both parties have cited in each of their briefs for *ATK I, ATK II and ATK III*. For instance, as the Court observed in *ATK II* (72 Fed. Cl. at 314-15) and *ATK III* (76 Fed. Cl. at 655-57), the government's Notice of Intent to Disallow Costs and its Final Decision each stipulate:

> <u>Pertinent Contracts and Terms</u>
>
> The significant contracts that will receive an allocation of costs, which therefore govern the dispute, are NAS8-38100, PB10E9900N, F42610-94-C0031, and DAA001-95-C0016.

> FAR 31.202 defines direct costs, FAR 31.203 defines indirect costs, FAR 31.205-18(a) defines Independent Research and Development and Bid and Proposal terms, CAS 420-30(a) defines B&P and IR&D, FAR 31.205-40 covers the allocation of costs of special tooling, and CAS 410 and CAS 418 cover the allocation of costs generally.

Pl. Mot. to Confirm,[1] Ex. 4 (Notice of Intent to Disallow Costs, Mar. 10, 1999); Pl. Mot. to Confirm, Ex. 6 (Final Decision, May 14, 1999) (emphasis added). ATK's Certified Claim states, in pertinent part, that "Thiokol believes that pursuant to FAR § 31.205-11 and § 31.205-18, incorporated into the referenced contracts through FAR clauses 52.216-7, 52.216-10, 52.216-16, 52.230-2, and 52.230-6, Thiokol is entitled to recover the questioned costs as allowable indirect costs." Pl. Mot. to Confirm, Ex. 5 (ATK's Certified Claim, May 10, 1999) (emphasis added). Moreover, ATK's original Complaint and its relevant Second Amended Complaint allege that the government's disallowance was improper under these very same provisions. *See* Compl. (July 2, 1999); Second Am. Compl. (Oct. 19, 2006).

The parties' briefs in support of their cross-motions for summary judgment on Counts I and II rely upon these provisions in support of their respective arguments, and this Court's decision in *ATK I* granting ATK summary judgment reflects this Court's detailed consideration of these relevant contract provisions that govern the parties' dispute. *ATK I*, 68 Fed. Cl. at 645. Stated in other words, the parties have agreed since the beginning that FAR § 52.216-7, and the related provisions identified above, govern

---

[1] "Pl. Mot. to Confirm" references the Plaintiff's Motion for Confirmation of Memorandum Opinion and Order dated June 5, 2006.

their dispute as established by: (1) the parties' written statements concerning their dispute; (2) the parties' arguments and written briefing materials submitted to this Court in this litigation that all have specifically relied upon these provisions; and (3) the Court's decisions that reflect the parties' agreement on the relevant contract provisions. *See generally*, *ATK I*, 68 Fed. Cl. at 628-45; *ATK II,* 72 Fed. Cl. at 313-15; *ATK III*, 76 Fed. Cl. at 664-69.

Importantly, the payment clause, FAR § 52.216-7 and the provisions of CAS and FAR incorporated into each of the relevant contracts pursuant to the payment clause are the very same provisions that the government has relied upon to: (1) defend against ATK's claim of a government failure to pay because of an improper disallowance; (2) support its previous objections to the Court's holdings that ATK was entitled to interim payment of the unpaid amounts under all relevant government contracts impacted by the government's improper disallowance; and (3) support its position(s), asserted previously and here again in its most current brief (*see* ¶ 3 below), that this Court lacks jurisdiction because final payment has not been made. *See, e.g., ATK I*, 68 Fed. Cl. at 628-45; *ATK III*, 76 Fed. Cl. at 664-68. Thus, the government relies upon FAR § 52.216-7, and related provisions, when needed to support its arguments, but argues that these provisions are irrelevant and improperly considered when the Court held that the government's improper disallowance resulted in its failure to pay allowable indirect costs on an interim basis contrary to, and, therefore, in breach of, FAR § 52.216-7 in the relevant government contracts. *ATK III,* 76 Fed. Cl. at 660-69 (finding that the government failed to perform its contractual duty to pay allocable indirect costs and

granting ATK's motion for entry of such judgment). The government's inconsistency is clear.

3. "[A remand] would require the Court to usurp the Divisional Administrative Contracting Officer's Authority" — The government argues that the Court's direction that the Divisional Administrative Contracting Officer ("DACO") act consistent with the Court's rulings regarding CAS and the FAR relating to the payment of allowable indirect costs on an interim basis would somehow usurp the DACO's discretion to determine final payment amounts. Govt. Br. at 4-5. Although not cited, the government is relying upon FAR § 52.216-7 because it is this provision that addresses, in addition to the interim payments, the final payment of indirect cost, and the government's position regarding DACO authority is based upon this clause's direction regarding final payment. *ATK III*, 76 Fed. Cl. at 664-68. Essentially, the government's position is that regardless of what this Court rules, the DACO is free to ignore the Court's determinations since even the mere quantification of the impact of the DACO's improper disallowance on ATK's interim payments under the relevant contracts is somehow beyond the Court's authority because final payment has not occurred; certainly an incorrect position. In any case, in *ATK III*, the Court rejected this very same argument because this Court has the jurisdiction and authority to interpret the relevant CAS and FAR and to require that the government abide by the Court's decision that the disputed costs improperly were disallowed improperly under the relevant government contracts for interim billing purposes. *Id.*

4. "Delay Resolution Of This Matter" and "Gordian Knot" — Finally, the government complains of ATK delays and grumbles that complexities exist in determining a quantum for the purposes of finally resolving this litigation. Govt. Br. at 5-8. According to the government, these delays and complexities merit an entirely new trial on the merits of the government's disallowance, involving numerous months of discovery and trial preparation, or in the alternative, entry of declaratory relief and reconsideration of the Court's prior decisions. *Id.*

ATK can only ask — delays regarding what? If the government is renewing its objection to alleged delays caused by ATK's amendment to its Complaint in this case, the Court has already addressed and dismissed this objection. *ATK III*, 76 Fed. Cl. at 662-63. If the government is concerned about delays in its ability to appeal the Court's prior decisions with respect to the merits of its cost disallowance, the government may request that this Court certify issues for interlocutory appeal. *See* 28 U.S.C. § 1292(d)(2). The government has not done so.

Similarly, if the government were concerned about potential delays and complexities in resolving the quantum that results from the Court's holdings, the government would stop its repetitive arguments and either stipulate to the amounts it has previously calculated and agreed to with ATK representatives,[2] or propose a realistic path

[2] The government claims ATK's assertion that two previous agreements on the issue of quantum are based upon "self-serving misstatements." Govt. Br. at 6, n. 3. To the contrary, ATK's assertions are based upon the written and verbal statement's of the government's own counsel (Mr. Kyle Chadwick), and the documents jointly prepared by the parties setting forth their agreement. Plaintiff's

*(footnote continued on next page)*

to resolve any genuine issue concerning the calculation of quantum given the parties': (1) prior quantum assessments; (2) the Court's decisions on the merits; and (3) the current stipulation between the parties concerning the amounts that must be reinstated as allowable costs in ATK's pertinent indirect cost pools for interim payment in fiscal years 1998 through 2006. The government has not done this.[3]

## II. CONCLUSION

The means to end this case is for the Court to grant ATK's motion for a quantum trial to determine the impact of the government's improper disallowance on ATK's relevant government contracts consistent with the Court's prior decisions and the parties'

---

*(footnote continued from previous page)*

Motion for a One-Day Quantum Trial and Remand in Support of the Trial, Ex. A (Plaintiff's Sept. 14, 2006 Status Report, Exs. 1 and 2).

[3] RCFC 56(d) provides this Court with the authority to cut through the government's frenzy regarding quantum facts and develop a reasonable path forward. This rule addresses how to resolve fact issues when a case is not fully adjudicated by a motion for summary judgment. The Rule provides that the Court:

> [S]hall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages . . . is not in controversy, and directing such further proceedings in the action as are just.

While this Rule anticipates that this occur at a hearing on the motion for summary judgment, there is no reason why the Court would not have such authority after the hearing given that the Rule is intended to permit the Court to administer its docket in an orderly manner.

stipulation and for a remand in support of such a trial absent government stipulation to the quantum impact on each relevant contract.

Respectfully submitted this 30th day of November, 2007.

s/Thomas A. Lemmer
Thomas A. Lemmer
**McKenna Long & Aldridge LLP**
1875 Lawrence Street, Suite 200
Denver, Colorado 80202
Tel: (303) 634-4000
Fax: (303) 634-4400

ATTORNEY FOR ATK THIOKOL, INC.

OF COUNSEL:

Steven M. Masiello
**McKenna Long & Aldridge LLP**
1875 Lawrence Street, Suite 200
Denver, Colorado 80202

Michael L. Bell
Alliant Techsystems Inc.
ATK Thiokol, Inc.
P.O. Box 98
Magna, UT 84044-0098

DN:32132779.7